# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Case 5:19-cr-232-AKK-SGC-1** |
| ) | |
| **JOHN CIMINO** ) | |

## UNITED STATES' SENTENCING MEMORANDUM

The United States submits this memorandum for the Court's consideration in determining an appropriate sentence for defendant John Cimino, who has pleaded guilty to conspiracy to commit health care fraud. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ As explained below, the government recommends that the Court impose a sentence of 8 months' custody.

## BACKGROUND

As set forth in Cimino's plea agreement, Doc. 39 (sealed), between at least October 2014 and February 2016, Cimino, an obstetrics-gynecology doctor in Huntsville, conspired with Katherine Barnett, a marketer for a compounding pharmacy in Vestavia Hills, to commit health care fraud. As part of the conspiracy, Cimino agreed to provide prescriptions for compounded medications and patches

1

from the pharmacy for government health insurance beneficiaries who did not need the medications. And Cimino gave Barnett a blank prescription pad, which allowed her to write prescriptions, on his behalf, to individuals who had no doctor-patient relationship with the defendant. In exchange, Barnett paid Cimino kickbacks. In total, as a result of the conspiracy the compounding pharmacy billed TRICARE, a government health care benefit program, about $244,000 for medically unnecessary prescriptions.

## ARGUMENT

The government recommends a sentence of eight months' custody. That sentence would take account of the defendant's lack of prior criminal history and history of service in his community, while also vindicating victims' interests, punishing what were real and serious crimes, and affording an appropriate degree of general deterrence.

First, § 3553(a) supports the imposition of custody given the nature and circumstances of the crimes. *See* 18 U.S.C. § 3553(a)(1). As the defendant has acknowledged, he worked with the marketer for a compounding pharmacy to write prescriptions for compounded medications to patients of his who did not need those medications. He also relinquished a prescription pad to someone who was not a medical professional—a dangerous choice that resulted in fraud, and could also have put dangerous drugs in the hands of people who had no need for them. The

2

defendant's actions created real victims: not just the insurance programs who paid claims they should not have paid, but also patients who trusted the defendant to give them good and medically sound advice, not peddle unwarranted medicine for profit.

Second, a term of custody is appropriate to reflect the seriousness of the crimes, promote respect for the law, justly punish the crimes, and afford adequate general deterrence. *See* 18 U.S.C. § 3553(a)(2). Federal health insurance fraud has a "negative impact" on "the country's health care system." *United States v. Carreras*, 793 F. App'x 859, 863-64 (11th Cir. 2019) (approvingly citing district court's rationale for imposing lengthy custodial sentence in Medicare fraud case). Yet there is a "tendency for people to consider crimes against the government as less serious than crimes committed against a person." *Id.* Imposing custody in such cases is a vital way to signal that these crimes are serious, that the laws against them deserve respect, and that violators will be punished. As the Eleventh Circuit has recognized elsewhere, "general deterrence is an important factor in white-collar cases" like this one, "where the motivation is greed." *United States v. Hayes*, 762 F.3d 1300, 1308 (11th Cir. 2014). And deterrence is critical in the health care fraud context, where "fraud is so rampant that the government lacks the resources to reach it all." *United States v. Kuhlman*, 711 F.3d 1321, 1328 (11th Cir. 2013). Accordingly, "when the government obtains a conviction in a health care fraud prosecution, one of the primary objectives of the sentence is to send a message to

3

other health care providers that billing fraud is a serious crime that carries with it a correspondingly serious punishment." *Id.*

All these considerations convince the government that a custodial sentence is appropriate for this defendant. The government does not seek a higher custodial sentence than eight months given the defendant's lack of criminal history, his history of service to his patients and community ▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓ The government appreciates the letters submitted on the defendant's behalf, which reflect much about the defendant that is exemplary and deserving of commendation. ▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓ the government has considered these countervailing factors and accorded them weight. At the same time, the government does not believe that those factors negate the reasons for some term of custody here.

## CONCLUSION

The government requests a sentence of eight months' custody—a sentence well below what would ordinarily be the Guidelines range for financial fraud with a quarter-million-dollar loss amount, but a sentence that in this case, given this defendant's life history, would be sufficient punishment for the defendant's crimes.

        Respectfully submitted,

        */s/ Louis Manzo*
        Louis Manzo
        Trial Attorney

        */s/ John B. Ward*
        John B. Ward
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that, on October 5, 2020, I filed the redacted version of this document electronically using the CM/ECF system, and thereby served the document on the defendant's counsel of record. I filed the unredacted version of this document under seal with the United States District Court for the Northern District of Alabama and served a copy of the unredacted version by email on the defendant's counsel of record.

/s/ John B. Ward
JOHN B. WARD
Assistant United States Attorney
1801 Fourth Avenue North
Birmingham, AL 35203
(205) 244-2001