Case 5:19-cr-00232-AKK-SGC   Document 80   Filed 10/22/20   Page 1 of 6            FILED
                                                                                    2020 Oct-22 PM 03:50
AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case           U.S. DISTRICT COURT
                                                                                    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## Northern District of Alabama

UNITED STATES OF AMERICA

    v.                                                  Case Number 5:19-CR-232-AKK-SGC-1

JOHN CIMINO

    Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, JOHN CIMINO, was represented by Richard Jaffe and Michael Whisonant, Jr.

On motion of the United States, the court has dismissed counts 2, 3, 4, 5, and 6.

The defendant pleaded guilty to count 1. Accordingly, the defendant is adjudged guilty of the following count, involving the indicated offense:

| Title & Section | Nature of Offense | Count Number |
|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Health Care Fraud | 1 |

As pronounced on October 6, 2020, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00, for count 1, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 22nd day of October, 2020.

                                                       **ABDUL K. KALLON**
                                           UNITED STATES DISTRICT JUDGE

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 4 - Probation

Judgment--Page 2 of 6

Defendant:  JOHN CIMINO
Case Number:  5:19-CR-232-AKK-SGC-1

## PROBATION

The defendant is hereby placed on probation for a term of **THREE (3) years**. The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of probation.

### STANDARD CONDITIONS OF PROBATION

While the defendant is on probation pursuant to this Judgment:

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced (if placed on probation) or released from custody (if supervised release is ordered), unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.
3) You must not commit another federal, state, or local crime.
4) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers). Revocation of supervision is mandatory for possession of a firearm.
5) You must not unlawfully possess a controlled substance.
6) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. You must contribute to the cost of drug testing unless the probation officer determines you do not have the ability to do so. Based upon a court order entered during the period of supervision for good cause shown or resulting from a positive drug test or evidence of excessive use of alcohol, you shall be placed in the Substance Abuse Intervention Program (SAIP) (or comparable program in another district).
7) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
8) You must follow the instructions of the probation officer related to the conditions of supervision.
9) You must answer truthfully the questions asked by the probation officer.
10) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. (If you have been convicted of a crime of violence or a drug trafficking offense, the probation office is responsible for complying with the notice provisions of 18 U.S.C. § 4042(b) and (c) if you change your residence.)
11) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
12) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as the position or the job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
13) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
14) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
15) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
16) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk, and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
17) You must fully and truthfully disclose financial information as requested by the probation officer related to the conditions of supervision. Financial information may include, but is not limited to, authorization for release of credit information, bank records, income tax returns, documentation of income and expenses, and other financial information regarding personal or business assets, debts, obligations, and/or agreements in which the defendant has a business involvement or financial interest.
18) You must support all dependents.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Continuation of Standard Conditions of Probation

Judgment--Page 3 of 6

Defendant:  JOHN CIMINO
Case Number:   5:19-CR-232-AKK-SGC-1

**CONTINUATION OF STANDARD CONDITIONS OF PROBATION**

19) You must comply with the probation office's Policies and Procedures Concerning Court-Ordered Financial Obligations to satisfy the balance of any monetary obligation resulting from the sentence imposed in the case.  Further, you must notify the probation officer of any change in your economic circumstances that might affect your ability to pay a fine, restitution, or assessment fee.  If you become more than 60 days delinquent in payments of financial obligations, you may be: (a) required to attend a financial education or employment preparation program under the administrative supervision of the probation officer; (b) placed on home detention subject to location monitoring for a maximum period of 90 days under the administrative supervision of the probation officer (and you must pay the cost of monitoring unless the probation officer determines you do not have the ability to do so); and/or (c) placed in a community corrections center for up to 180 days under the administrative supervision of the probation officer (and you must pay the cost of subsistence unless the probation officer determines you do not have the ability to do so).

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 4 (cont'd) - Probation

Judgment--Page 4 of 6

Defendant:  JOHN CIMINO
Case Number:   5:19-CR-232-AKK-SGC-1

**SPECIAL CONDITIONS OF PROBATION**

While the defendant is on probation pursuant to this Judgment:

1) You will be monitored for a period of 8 months by location monitoring technology under the administrative supervision of the probation officer, and you must comply with all requirements of the location monitoring program. You must pay for the cost of monitoring unless the probation officer determines you do not have the ability to do so.  During the period of monitoring, you are restricted to your residence: At all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances or other court-ordered obligations; and other activities pre-approved by the probation officer. (Home Detention)
The form of location monitoring technology used to monitor you will be at the discretion of the probation officer.
2) The requirement that you submit to mandatory drug testing is suspended based upon the court's determination that you pose a low risk of future substance abuse.
3) You must not incur any new debts (other than normal debts for existing utilities, rental expenses, or mortgage payments), increase existing credit lines, or open any new lines of credit without the permission approval of the probation officer unless and until all court-ordered financial obligations have been paid in full.  New debt includes contracts which obligate payments, credit agreements, and loans, including those with friends and family members.

Case 5:19-cr-00232-AKK-SGC   Document 80   Filed 10/22/20   Page 5 of 6

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 6 - Restitution and Forfeiture

Judgment--Page 5 of 6

Defendant:  JOHN CIMINO
Case Number:  5:19-CR-232-AKK-SGC-1

## RESTITUTION AND FORFEITURE

### RESTITUTION

The court, pursuant to the Victim and Witness Restitution Act, finds that the following is victinm of defendant's criminal conduct and has sustained loss in the indicated amount and orders restitution by the defendant as follows:

| **Name & address of payee(s)** | **Amount** |
|---|---|
| (Via Mail)<br>Credit Gateway<br>401 14th Street SW<br>Washington, DC 20227<br>            **or**<br>(Via Electronic Funds Transfer)<br>TRICARE-CRM Collections ACH<br>Routing Number: 051036706<br>ACCT #: 897000012001 | $244,656.00 |

Payments of restitution without interest are to be made to Clerk, U. S. District Court, for transfer to the payees.  Payments are to be made jointly and severally with co-defendant Katherine Barnett.

Restitution is due and payable immediately.  During the period of supervision, the defendant is to make payments of $100.00 per quarter.   The defendant is to make monthly payments during the period of supervision in accordance with the financial guidelines previously approved by the court to use in this district and administrated by the probation officer. Payment is due in full no later than the end of defendant's term of supervision. Payments made during the term of supervision, or otherwise, do not preclude the government from using other assets or income of the defendant to satisfy this restitution obligation.

Pursuant to 18 U.S.C. § 3664 (i), all nonfederal victims must be paid before the United States is paid.  If there are multiple payees, any payment not made directly to a payee shall be divided proportionately among the payees named unless otherwise specified here:

**Note:  The victim's recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victim receives full restitution.**

Case 5:19-cr-00232-AKK-SGC   Document 80   Filed 10/22/20   Page 6 of 6

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 6 - Restitution and Forfeiture

Judgment--Page 6 of 6

Defendant:  JOHN CIMINO
Case Number:  5:19-CR-232-AKK-SGC-1

## FORFEITURE

The defendant is ordered to forfeit the following property to the United States:

See Final Oder of Forfeiture (doc. 76).